UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 08-384-KSF

MAJA SHA-RON HOLMAN,
Administratrix for the ESTATE
OF RODNEY HOLMAN                                                                                    PLAINTIFF

v.                                            **OPINION & ORDER**

ALISA L. BEAUCHAMP                                                                                  DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion of the defendant, Alisa L. Beauchamp, to exclude the testimony of Michael Barnes, an accident reconstruction expert, and the motion of the plaintiff, Maja Sha-Ron Holman, Administratrix of the Estate of Rodney Holman, for leave to serve disclosure and report of Michael Barnes as a rebuttal witness. This court, having reviewed the record and being otherwise sufficiently advised, will deny Defendant's motion and will grant Plaintiff's motion.

This case involves a collision between a motorcycle operated by Mr. Holman and a vehicle pulling a trailer driven by Defendant. Defendant filed this motion to exclude the testimony of Michael Barnes arguing that Plaintiff did not timely disclose him as an expert and did not provide the information required for expert disclosures. Plaintiff argues that Mr. Barnes is a rebuttal expert and the failure to disclose and provide the required information is harmless.

The scheduling order entered by the Court required the parties to file their expert witness disclosures in compliance with Rule 26 of the Federal Rules of Civil Procedure no later than

February 26, 2009. On February 28, 2009, Plaintiff filed her expert disclosure naming Dr. Robert Pulsinelli as an economic expert. On March 23, 2009, Plaintiff filed an amended disclosure naming Mr. Barnes as an accident reconstruction expert. Plaintiff did not file reports for either expert but has subsequently filed a report for Dr. Pulsinelli. Defendant alleges that she sought disclosure of Mr. Barnes' report and deposition dates on numerous occasions. Plaintiff does not deny that reports were not provided in a timely fashion but argues that Mr. Barnes' report is not finalized because she was waiting to take Defendant's deposition. Plaintiff provided Mr. Barnes' report on July 25, 2009.

Rule 26(a)(2)(A) requires disclosure of expert witnesses testifying pursuant to Federal Rules of Evidence 702, 703 and 705. Specifically, the Rule states that a "party *shall* disclose to other parties the identity of any person who may be used at trial to present [expert] evidence . . . ." Fed. R. Evid. 26(a)(2)(A) (emphasis added). No exceptions to the disclosure requirement are mentioned in the Rule. *Pedigo v. Unum Life Ins. Co. of Am.*, 145 F.3d 804, 807 (6th Cir. 1998). Rule 26(a)(2)(B) provides that a party must provide an expert report for a retained, testifying expert. An exception to Rule 26(a)(2)(B) is for treating physicians; treating physicians can testify at trial without having to provide a written report. Fed. R. Civ. P. 26(a), cmt. 1993 Amendments, subdivision (a), para. (2). Sanctions for failure to provide disclosure of experts are set out in Federal Rule of Civil Procedure 37(c)(1), which states:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the sanctions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed. R. Evid. 37(c)(1). Under this Rule, exclusion is automatic and mandatory unless the failure to disclose was harmless.

There is no dispute that Plaintiff did not disclose Mr. Barnes pursuant to Rule 26(a)(2)(A) and did not provide any of the additional mandatory disclosures for him as required by Rule 26(a)(2)(B). Plaintiff also failed to disclose Mr. Barnes report when Defendant propounded interrogatories requesting the report. Pursuant to Rule 37, the appropriate sanction is to exclude Mr. Barnes' testimony. The Plaintiff's failure to timely disclose Mr. Barnes as an expert and provide the requisite disclosures, however, was harmless. The Court is sympathetic to Defendant's argument that it is not fair that Plaintiff's expert has the luxury of reviewing Defendant's accident reconstruction expert prior to preparing his report when Defendant filed her disclosure and report on time. Any resulting prejudice to Defendant can be overcome by granting additional time for Defendant to review and prepare a response to the report prior to trial. Plaintiff's counsel shall take note that the discovery deadlines are strict and will not be extended again. Further, Mr. Barnes' testimony may only be used as rebuttal because Plaintiff has identified him as a rebuttal expert.

For the reasons set forth above, **IT IS ORDERED**, that Defendant's motion to exclude the testimony of Michael Barnes [DE 14] is **DENIED** and Plaintiff's motion for leave to serve FRCP26(a)(2)(B) disclosure and report of rebuttal witness, Michael Barnes, [DE 32] is **GRANTED**.

This 7th day of August, 2009.



**Signed By:**
*Karl S. Forester*  KSF
**United States Senior Judge**