UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 08-384-KSF

MAJA SHA-RON HOLMAN,
Administratrix for the ESTATE
OF RODNEY HOLMAN                                                                    PLAINTIFF

v.                                          **OPINION & ORDER**

ALISA L. BEAUCHAMP                                                                 DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion of the plaintiff, Maja Sha-Ron Holman, Administratrix of the Estate of Rodney Holman, for leave to file a summary judgment motion against defendant, Alisa L. Beauchamp, and the corresponding summary judgment motion. The Court, having reviewed the record and being otherwise sufficiently advised, will grant Plaintiff's motion to file a motion for summary judgment and will deny Plaintiff's motion for summary judgment.

I.      Factual Background

This case involves a collision between a motorcycle operated by Mr. Holman and a Suburban pulling a horse trailer driven by Defendant. Plaintiff has alleged that on August 21, 2007, Mr. Holman was traveling northbound on Ky. 922/Newtown Pike when Defendant moved from a private driveway turning left onto Ky. 922/Newtown Pike and came into the path of Mr. Holman. Mr. Holman died as a result of the injuries sustained in the collision. Plaintiff filed this wrongful death

action in the Fayette Circuit Court seeking damages. The case was subsequently removed to this Court based on diversity jurisdiction.

## II. Standard of Law

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. Analysis

Plaintiff argues that as a matter of law Defendant was negligent because she failed to yield the right-of-way to Mr. Holman's motorcycle as prescribed by Kentucky Revised Statute Section 189.330(10) when she pulled out of the driveway onto Newtown Pike. Section 189.330(10) provides that "[t]he operator of a vehicle about to enter or cross a roadway from any other place other than another roadway shall yield the right-of-way to all vehicles approaching on the roadway to be entered or crossed." This duty to yield, however, is not absolute. The failure to yield does not absolve the favored driver, Mr. Holman, of his duty to exercise reasonable care to avoid collision. *Bailey v. Barnett*, 470 S.W.2d 331, 333 (Ky. Ct. App. 1971). The disfavored driver, Defendant, has the duty to look, which includes a duty of seeing what is obvious unless there is some cause for not seeing it. *Robinson v. Cull*, 416 S.W.2d 346, 348 (Ky. Ct. App. 1967).

There is evidence that Defendant stopped at the end of the driveway before entering the highway and there is some evidence that she looked both ways and saw no vehicle approaching; whereupon, she proceeded onto the highway. There is also evidence that Defendant's line of vision was obstructed by overgrown brush. In such a circumstance, similar to *Bailey* and *Robinson*, it

cannot be held as a matter of law that a driver is negligent in entering a highway from a private drive. The issue of contributory negligence is one for the jury, making summary judgment inappropriate.

Plaintiff also argues that Defendant violated Kentucky Revised Statute Section 189.300 and Kentucky Revised Statute Section 189.345; however, the Court finds nothing in the record to support applicability of either of these statutes to the facts in this case. Kentucky Revised Statute Section 189.300 requires vehicles to keep to the right of the highway when traveling on the highway unless passing another vehicle and Kentucky Revised Statute Section 189.345 prohibits against driving on the left side of the roadway when approaching or upon the crest of a grade or a curve when it might create a hazard for an approaching vehicle. There is no evidence is that Defendant was passing anyone or that she was driving on a grade or curve. Rather, the evidence is that Defendant pulled out of a private driveway onto a highway resulting in the collision.

**IV.    Conclusion**

Accordingly, **IT IS ORDERED**, that Plaintiff's motion for leave to file summary judgment motion [DE 29] is **GRANTED**. The Clerk shall file Plaintiff's tendered motion for summary judgment in the record.

**IT IS FURTHER ORDERED** that Plaintiff's motion for partial summary judgment [DE 30] is **DENIED**.

This 19th day of August, 2009.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**

3