UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 08-384-KSF

MAJA SHA-RON HOLMAN, Administratrix for the
ESTATE OF RODNEY HOLMAN                                                                    PLAINTIFF

v.                                            **OPINION & ORDER**

ALISA L. BEAUCHAMP                                                                          DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion of the defendant, Alisa L. Beauchamp, for partial summary judgment on the claim of the plaintiff, Maja Sha-Ron Holman, Administratrix of the Estate of Rodney Holman, for punitive damages. The court, having reviewed the record and being otherwise sufficiently advised will grant Defendant's motion.

**I.   Factual Background**

This case involves a collision between a motorcycle operated by Mr. Holman and a Suburban pulling a horse trailer driven by Defendant. Plaintiff has alleged that on August 21, 2007, Mr. Holman was traveling northbound on Ky. 922/Newtown Pike when Defendant moved from a driveway turning left onto Ky. 922/Newtown Pike and came into the path of Mr. Holman. Mr. Holman died as a result of the injuries sustained in the collision. Plaintiff filed this wrongful death action in the Fayette Circuit Court seeking damages. The case was subsequently removed to this Court based on diversity jurisdiction.

**II.   Standard of Law**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if

1

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id.* at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

**III. Analysis**

Defendant argues that she is entitled to summary judgment on Plaintiff's punitive damages claim because her conduct was at most negligent and does not constitute gross negligence. The Court agrees.

2

Punitive damages are available under Kentucky law if a plaintiff proves by clear and convincing evidence that a defendant acted with oppression, fraud or malice. Ky. Rev. Stat. Ann. § 411.184(2). In addition, punitive damages may be awarded where "gross negligence" is shown. *Williams v. Wilson*, 972 S.W.2d 260, 262-65 (Ky. 1998). In Kentucky, the "prevailing understanding" defines gross negligence as a "'wanton or reckless disregard for the safety of other persons.' It is not necessary that the jury find the defendant to have acted with express malice; rather, it is possible that a certain course of conduct can be so outrageous that malice can be implied from the facts of the situation." *Kinney v. Butcher*, 131 S.W.3d 357, 359 (Ky. App. 2004) (citation omitted). The United States Supreme Court has explained: "A defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages. A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business." *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 422-23 (2003).

Several courts have considered whether a driver's conduct constituted ordinary negligence or gross negligence. In *Kinney v. Butcher*, 131 S.W.3d 357, 359, the court found that defendant driver's conduct of speeding and attempting to pass another car on a two-lane road in a no-passing zone did not constitute gross negligence. Similarly, in *Embry v. Geo Transp. of Indiana*, 478 F. Supp. 2d 914 (E.D. Ky. 2007), the court found that a tractor-trailer driver committed no more than ordinary negligence when he struck a car after having a coughing fit. *See also Turner v. Werner Enter., Inc.*, 442 F. Supp. 2d 384 (E.D. Ky. 2006)(holding that defendant tractor-trailer driver was not grossly negligent when, despite being sleepy, he decided to try to drive to the next truck stop, fell asleep and struck a pickup truck. The driver was not speeding, was in the proper lane and was not intoxicated).

Defendant's conduct does not rise to the level of gross negligence so as to support an award of punitive damages under Kentucky law as set forth above. There is no dispute that Defendant pulled onto Ky. 922/Newtown Pike in the path of Mr. Holman resulting in the collision, however, there are no allegations of any other actions by Defendant that would constitute "wanton or reckless" disregard for the safety of others. As in *Embry*, to permit an award of punitive damages here based on the mere negligent act of turning in front of oncoming traffic would render meaningless the distinction between ordinary and gross negligence and make almost any negligent act committed while driving a basis for the imposition of punitive damages. Such a result would run contrary to the specific yet limited purposes that punitive damages are meant to serve. Therefore, the Court will grant Defendant's motion for partial summary judgment on Plaintiff's punitive damages claim and will dismiss the claim with prejudice.

**IV.     Conclusion**

Accordingly, **IT IS ORDERED**, that Defendant's motion for partial summary judgment [DE 28] is **GRANTED**. Plaintiff's claim for punitive damages is **DISMISSED WITH PREJUDICE**.

This 19th day of August, 2009.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge